United States District Court
Middle District of Florida
Jacksonville Division

**TIMOTHY KIRKENDALL,**

*Plaintiff,*

V.

**NO. 3:17-CV-880-J-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

*Defendant.*

---

# Order

The Court reversed the denial of Timothy Kirkendall's applications for benefits and remanded for further proceedings under sentence four of 42 U.S.C. § 405(g). Doc. 35. Without opposition, Kirkendall requests $7491.50 in attorney's fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 37.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) his request is timely, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §§ 2412(d)(1) & (2). An EAJA award is to the party, not his attorney, and subject to an offset to satisfy any preexisting debt the party owes the United States. *Astrue v. Ratliff,* 560 U.S. 586, 592–93 (2010).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer,* 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of when the judgment becomes final. *See* 28 U.S.C. §§ 2412(d)(1)(B) &

(d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing it had been substantially justified, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Kirkendall prevailed because the Court ordered a sentence-four remand. Doc. 35. His December 18, 2018, petition, Doc. 37—filed seven days after the Court's judgment— was timely. *See Myers*, 916 F.2d at 679 n.20. He represents that his net worth was less than $2 million when he filed this case, Doc. 37-1 ¶ 2, and the Court accepts that representation. His petition includes an allegation that the Commissioner's position was not substantially justified, Doc. 37 at 4, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Kirkendall is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since March 1996, when the amount was last amended] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court itself is an expert on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Reasonable time spent preparing an EAJA fee petition is compensable. *Jean,* 496 U.S. at 157.

Kirkendall is represented by David Goetz, Esquire. Goetz provides no affidavit on his experience or customary rate, but it is known in the legal community and reflected in his appearances in dozens of social-security cases that he specializes in social-security work. Records of The Florida Bar indicate he has been a member since 1994. *See* "Find a Lawyer" on www.floridabar.org.

In the petition, Kirkendall submits a chart describing the work performed by Goetz on the case. Doc. 37 ¶ 5. Goetz spent 38.22 hours working on the case in 2018 (most of it from March to July and in November). Doc. 37 ¶ 5. Tasks included reviewing the Commissioner's briefs and preparing the brief in opposition to the Commissioner's decision, a reply brief, and an amended brief in light of new precedent. Doc. 37 ¶ 5. The administrative record is 1304 pages. Doc. 14.

Kirkendall's request for $7491.50 in attorney's fees is based on the 38.22 hours worked by Goetz multiplied by a rate of $196.01 (a rate based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the annual all urban consumers price index ("CPI") for 2018). Doc. 37 at 3, 5.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation to Goetz exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Goetz performed his work. The $196.01 rate that Kirkendall proposes for Goetz's work (based on figures from 2018) is appropriate (and slightly less than the $202.34 rate indexed to November 2018). On the reasonableness of the hours, none of the work by Goetz appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 37 ¶ 5. The number of hours is reasonable.

Using the requested number of hours and rate, attorney's fees of $7491.50 (38.22 x $196.01) are appropriate. The requested $400 for costs is also reasonable because that is the fee charged for opening a civil action in this district. *See Fees*,

MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/fees-table (last visited January 31, 2019).

Because Kirkendall is eligible and his requested attorney's fees are reasonable, the Court **grants** the petition for EAJA fees, Doc. 37; **awards** him **$7491.50** in attorney's fees and **$400** in costs, for a total of **$7891.50**; and **directs** the Clerk of Court to enter judgment in favor of Timothy Kirkendall and against the Commissioner in the amount of **$7891.50**. The Court leaves to the Commissioner's discretion whether to accept Kirkendall's assignment of EAJA fees to Goetz after determining if Kirkendall owes a federal debt. *See* Doc. 37-1 ¶ 3.

**Entered** in Jacksonville, Florida, on February 25, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record

5